ELIJAH J. COLLINS, Appellant, v. EDWARD B. LANE, Impleaded, etc., Respondent.

The law will not aid a party to recover back money paid for compounding a crime.

(Argued January 26, 1880; decided February 3, 1880.)

THIS action was brought to recover damages, for an alleged conspiracy to defraud. Defendant Lane alone appeared and answered ; it did not appear that the summons was served on the other defendants.

It appeared that Lane was a justice of the peace in Westchester county in 1876, and had been for twenty years. In September of that year, defendant Elias Wynants, claiming to have a cause of action against the plaintiff Collins for breach of contract, sued him before Lane as such justice. The cause was tried and Lane rendered judgment against Collins for sixteen dollars damages and costs. More than twenty days after the judgment was rendered Lane issued execution thereon, and delivered the same to defendant Hiram Wynants, a nephew of Elias, who went to the residence of Collins and there, by virtue of the execution,

levied upon and seized a carriage belonging to Collins, and carried it away. While he was doing this he claimed that Collins assaulted him ; he went to Lane and made complaint of the assault, and Lane issued a criminal warrant against Collins and placed it in the hands of Smalley, a constable. Collins, after the levy upon his carriage, went to Lane's residence for the purpose of settling the judgment and execution, and there settled it by the payment of the judgment and the fees of the constable. Immediately thereafter he was arrested by Smalley, upon the warrant held by him, and taken before Lane. He pleaded not guilty, and. the case was put down for a later day for trial. Upon the suggestion of some one other than Lane, the wife of Collins agreed to settle the matter with Elias Wynants claiming to act for his nephew, by the payment of fifteen dollars. She then paid thirteen dollars to Lane and agreed to pay the balance. Lane gave her a receipt for the money paid, and the prosecution ended there.

The allegation in the complaint was and plaintiff claimed that all this was done in carrying out a conspiracy between Lane and the two Wynants to extort money from plaintiff, they well knowing that neither of the Wynants had any claim against Collins.

At the close of plaintiff's evidence, defendant's counsel moved to nonsuit the plaintiff on the ground that no conspiracy has been shown on the part of the defendants ; plaintiff's counsel asked to go to the jury on the facts of the case; also upon the question whether the defendant acted wrongfully in settling the criminal proceeding and taking the thirteen dollars; also on the conspiracy charged in the complaint. The court granted the nonsuit.

The court here held that there was no proof which would have authorized the jury to find that there was any conspiracy between Lane and the Wynants to wrong plaintiff ; that the action was to be treated as one against Lane alone ; that he could in no way be held responsible for what the Wynants said or did, but only for his own acts. The court say : "As to the civil suit by Elias Wynants, there is no

evidence that Lane instigated it, or that he acted oppressively or maliciously. Attorneys appeared for both parties upon the trial of that action. He heard the evidence, rendered judgment, and execution was not issued for nearly a month after the trial. It was not his duty to notify Collins of the judgment, or to ask him to pay it before issuing the execution. He may have erred in deciding that case, and may have decided against the weight of evidence. But for whatever he did judicially in that action he could not be called to account in this.

"As to the criminal prosecution, it appears that at least a technical assault had in fact been committed by Collins upon Hiram Wynants. All Lane did in reference to this was, upon complaint made to him, to issue the warrant and then to allow the parties to settle it, he participating somewhat in the settlement. It does not appear that he instigated this prosecution, or that he acted wantonly or oppressively in reference thereto. Even if he had no right to allow the prosecution to be settled, or to participate in such settlement, for his conduct in that respect he could not be made liable in this action. Even if the money paid belonged to Collins, he cannot recover it of Lane, to whom it was paid upon the settlement, because if compounding the offense was a crime, he and his wife were as guilty as Lane, and the law will not aid a party to recover back money paid under such circumstances.

" It was not alleged in the complaint, nor was it claimed on the trial that Lane did not have jurisdiction of the civil and criminal cases; and the facts proved by the plaintiff showed that he did have, and that his proceedings were regular, so as to afford him the protection to which a judicial officer is entitled."

"The facts tend strongly to show that the conduct of the Wynants toward Collins was wholly unjustifiable; and it may be that Lane could, by his friendly offices, to some extent, at least, have protected the plaintiff against such conduct. But he was not bound to active intervention for Collins' protection. He owed him no legal duty to protect

him against the Wynants. So long as he acted judicially, within his jurisdiction, and did no more than the law authorized him as a justice to do, he cannot be made liable for the consequences to Collins."

*I. T. Williams* for appellant.

*Francis Larkin* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.